(Superior Court of Cincinnati—General Term.)

## CASSILY v. CASSILY.

---

*Acquittance—Misunderstood when signed—Testimony tending to modify—Proof of additional consideration to the one expressed in contract.*—A further consideration to the one expressed in a written instrument may be proved by parol, provided it is not of a different nature from the one expressed in the deed. The amount or kind of consideration is not considered an essential part of the contract, and is open to contradiction or explanation like a common receipt.

*Signature to instrument, when binding on party.*—If a party with a full knowledge of the facts and with the instrument explained to him did voluntarily sign a receipt or acquittance, the same would be a full discharge of liability to the other party to the instrument; but if such party did not sign the paper understanding its contents and agreeing to it, he would not be bound by it.

(Decided November, 1895.)

---

Heard on error to Special Term.

MOORE, J.

It is claimed that at Special Term the court erred in admitting certain evidence affecting the terms of a written contract, and in its general and special charges to the jury.

The defendant in error, Margaret Cassily, sought to recover of Thomas Cassily, her son, and executor of the estate of Francis Owens, deceased, the sum of $1,500.

Thomas Cassily and his sisters were the chief legatees under the will of Francis, and to whom Margaret Cassily and one Ellen Goddard bore the relation of sisters.

Ellen Goddard brought suit in the Court of Common Pleas of Hamilton County to set aside the said will, on the ground that the testator was not competent to make the same, and that he was unduly influenced.

On July 26, 1890, Thomas Cassily presented to Margaret Cassily a paper writing.

On the trial of the cause at special term the court admitted testimony , tending to show that long prior to the execution of the said instrument of writing, Margaret Cassily had agreed to do exactly what the writing stipulates upon its face, except that the said Thomas Cassily was to pay her the same amount of money which said Cassily paid and was to pay Ellen Goddard in consideration of a like settlement and dismissal of her suit in the court of common pleas.

As a matter of fact, Ellen Goddard was paid in settlement as aforesaid, the sum of $2,000.

It is the contention of the plaintiff in error that the testimony offered and introduced tended to change and vary the terms of the written contract.

In our opinion the testimony allowed by the court affected no part of the contract or receipt, and that is the consideration. All the circumstances. surrounding the parties show that it was not a disputed point between Thomas and Margaret Cassily as to how much was to be paid; it was fixed by what Ellen Goddard received. And the contract or paper containing the recital of $500 as a consideration was not read to Margaret Cassily, nor was she able to read it herself, but seemed to rely upon Thomas Cassily to pay her the before mentioned undisputed amount.

It is well settled that a further consideration may be proved by parol provided it is not of a different nature from the one expressed in the deed. The amount or kind of consideration is not considered an essential part of the contract, and is open to contradiction or explanation like a common receipt.

The record shows that the issue made by the petition, answer and reply, was whether the recital of $500 in the writing was paid to Margaret Cassily in the full settlement of her said agreement, admitting all the other facts of the petition.

The court properly charged the jury, that if Margaret Cassily, with a full knowledge of the facts and with the instrument explained to her, did voluntarily sign the same, then the receipt or acquittance would be a full discharge of liabiliy to the part of Thomas Cassily, and the verdict should be for the defendant; but if Margaret Cassily did not sign the paper understanding its contents and agreeing to it, she would not be bound by it.

Judgment affirmed.

Cobb & Howard, for plaintiff in error.

C. W. Baker, contra.